UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON, #748757,

    Plaintiff,                                  Hon. Jane M. Beckering

v.                                                            Case No. 1:22-cv-1137

UNKNOWN SCHAFER, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 27). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part and denied in part.

**BACKGROUND**

Plaintiff initiated this action against Corrections Officers Brandon Schafer and Marcus Ledesma. (ECF No. 1). In his complaint, Plaintiff alleges the following.

On September 22, 2022, prison officials returned to Plaintiff "excess legal property" that had been stored in several boxes and duffel bags. While Plaintiff's legal property was returned, prison officials did not return the boxes or duffel bags in which it had been stored. Plaintiff's requests for storage containers in which to store his excess legal property were denied.

-1-

On October 25, 2022, prison officials again confiscated Plaintiff's excess legal property and scheduled an administrative hearing on the matter. On November 11, 2022, Defendants Schafer and Ledesma approached Plaintiff's cell and asked Plaintiff is he "wanted to attend the hearing." Plaintiff responded in the affirmative at which point he was placed in wrist restraints and escorted to the hearing room by Defendants.

Upon arriving in the hearing room, Plaintiff observed that "there was nobody present and the audio/video zoom hearing equipment was facing the wall inside the room." Plaintiff asked "where is the administrative judge?" Plaintiff's question was ignored after which Plaintiff requested to return to his cell. In response to this request, Defendants Schafer and Ledesma forced Plaintiff "into a steel box that is mounted on the cage wall." Despite the fact that Plaintiff was not offering any resistance, Defendant Schafer choked Plaintiff while Defendant Ledesma held him. Defendant Schafer then slammed Plaintiff's face into the wall with such force that Plaintiff suffered a concussion and a fractured facial bone.

Plaintiff alleges that Defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants Schafer and Ledesma now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot

merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his

control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of their motion, Defendants have submitted evidence establishing that Plaintiff failed to file a grievance regarding the claims described above. (ECF No. 28, PageID.255-424). Plaintiff does not dispute that he failed to file a grievance regarding his claims. Plaintiff argues, however, that at the time of the events giving rise to this action he was on modified grievance access. Plaintiff further argues that because he was on modified grievance access he was unable to file a grievance unless the Grievance

Coordinator provided him with a grievance form.   Plaintiff argues that his request for a grievance form was rejected thereby preventing him from exhausting his administrative remedies.

Plaintiff has submitted evidence that he was on modified grievance access from August 20, 2022, through November 18, 2022.   (ECF No. 32, PageID.445).   While on grievance restriction, Plaintiff could only submit a grievance if the Grievance Coordinator agreed to provide Plaintiff with a Step I grievance form.   (*Id.*).   On November 11, 2022, Plaintiff submitted to the Grievance Coordinator a request for a Step I grievance form.   (ECF 1, PageID.8; ECF No. 34, PageID.515).

Specifically, Plaintiff requested a Step I grievance form so that he could seek relief based on the events described above.   (ECF No. 34, PageID.515).   As Defendants correctly note, however, Plaintiff's request included no allegations against Defendant Ledesma.   (*Id.*).   Instead, Plaintiff alleged only that Defendant Schafer assaulted him and subjected him to excessive force.   (*Id.*).   Plaintiff's request for a Step I grievance form was denied.   (ECF 1, PageID.8; ECF No. 34, PageID.515).   It is well established that such "satisfied the exhaustion requirement," but only as to "the claims or issues described in the grievance form request."   *See, e.g., Curtis v. Unknown Washington*, 2023 WL 6394067 at *5 (W.D. Mich., Aug. 23, 2023) (citations omitted).   Thus, Plaintiff's request for a Step I grievance form was sufficient to exhaust his claim against Defendant Schafer but not Defendant Ledesma.

Defendant Schafer nonetheless argues that he is entitled to relief on the ground that, even if Plaintiff had been provided a Step I grievance form, his grievance would have been rejected for some reason. According to Defendant, this obligated Plaintiff to "correct" and re-submit his request for a Step I grievance form. Defendant has identified no authority for this proposition, which is fatal to an argument for which he bears the burden. As already noted, once a prisoner's request for a grievance form is rejected, such satisfies the exhaustion requirement as to the "claims or issues" described in the grievance form request.

In conclusion, for the reasons articulated herein, the undersigned recommends that Defendant Ledesma's motion for summary judgment be granted but Defendant Schafer's motion for summary judgment be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 27) be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiff's claim against Defendant Ledesma be dismissed without prejudice for failure to exhaust administrative remedies but that Plaintiff's claim against Defendant Schafer proceed forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                              Respectfully submitted,

Date: May 3, 2024                               /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge