UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS CORNELL JACKSON,

    Plaintiff,

v.

UNKNOWN SCHAFER, et al.,

    Defendants.

_____/

Case No. 1:22-cv-1137

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff Douglas Cornell Jackson ("Plaintiff") filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging that Michigan Department of Corrections (MDOC) Officers Brandon Schafer and Marcus Ledesma ("Defendants") subjected him to excessive force on November 11, 2022.  Plaintiff did not exhaust his administrative remedies for his claim against Defendant Ledsema, and Defendant Ledsema was dismissed in June 2024.  In November 2024, Defendant Schafer filed a motion for summary judgment, to which Plaintiff did not respond, despite two lengthy extensions of time to do so.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) on August 7, 2025, recommending that this Court grant the motion and close this case.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendant Schafer filed a response.  Plaintiff also filed an appeal from a pretrial Order of the Magistrate Judge and a motion for reconsideration of an earlier Order of this Court.  For the following reasons, the objections, the appeal, and the motion are properly denied.

***Objections.*** The Court turns first to Plaintiff's objections to the Magistrate Judge's Report and Recommendation. The Magistrate Judge concluded that (1) Plaintiff's claim against Defendant Schafer in his official capacity for monetary damages is properly dismissed in accordance with the Eleventh Amendment (R&R, ECF No. 182 at PageID.1500); and (2) Defendant Schafer is entitled to summary judgment on Plaintiff's excessive force claim where the video evidence depicts Defendant Schafer applying force in a good-faith effort to maintain or restore discipline (*id.* at PageID.1504).

In his objections, Plaintiff argues that the Verified Complaint, affidavits, and video evidence indicate that there are genuine issues of material fact for trial (Pl. Obj., ECF No. 185 at PageID.1517–1526, 1530–1533). Additionally, Plaintiff argues that the video recording must be provided to him again so that he may develop indisputable facts in support of his claim (*id.* at PageID.1526–1528, 1534).

An objecting party is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the court, in turn, is required to perform de novo consideration of those portions of the Report and Recommendation to which objections have been made. As Defendant Schafer points out in his response (ECF No. 189), Plaintiff makes no reference to—let alone identifies any error in—the Report and Recommendation. Consequently, Plaintiff's objections are properly denied.

***Notice of Appeal.*** Plaintiff has also filed an appeal (ECF No. 187) from a pretrial Order of the Magistrate Judge (ECF No. 181), denying his motions for extensions of time to "complete" discovery (i.e., review the video footage a third time) and file a summary judgment response. A

magistrate judge's resolution of a non-dispositive pretrial matter will be modified or set aside on appeal only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a).

On August 9, 2024, Plaintiff was permitted to review the surveillance footage that forms the basis of his claim. *See* Wilson Decl. (ECF No. 138-1). Defendant Schafer timely filed his motion for summary judgment following the close of discovery. On December 27, 2024, the Magistrate Judge granted Plaintiff an extension to January 27, 2025 to file his response to Defendant Schafer's motion for summary judgment (Order, ECF No. 120). On May 1, 2025, the Court permitted Plaintiff to review the surveillance footage for a second time and ordered him to file his summary judgment response by June 11, 2025 (Order, ECF No. 155). On May 15, 2025, Plaintiff again reviewed the relevant surveillance footage in its entirety. *See* Frantti Decl. (ECF No. 175-1). In his most recent Order on the topic, the Magistrate Judge found no "good cause for any more extensions" in this case. Plaintiff's appeal does not reveal any factual or legal error by the Magistrate Judge, only his disagreement with the resolution of his motions. The appeal is properly denied.

***Reconsideration.*** Last, Plaintiff filed a motion for reconsideration (ECF No. 183) of this Court's July 22, 2025 Order (ECF No. 178), denying his appeal from a May 1, 2025 pretrial Order of the Magistrate Judge. Because Plaintiff's motion merely presents the same issues ruled upon by the Court, reconsideration is not properly granted. *See generally* W.D. Mich. LCivR 7.4(a).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 185) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 182) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Schafer's Motion for Summary Judgment (ECF No. 108) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's appeal (ECF No. 187) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration (ECF No. 183) is DENIED.

Dated: September 8, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge